UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DESIGN BASICS, LLC; and PLAN PROS, INC., | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 4:16-CV-53-TLS |
| MILAKIS HOMES, LLC; MAJESTIC CUSTOM HOMES OF LAFAYETTE, INC.; JIM KIRACOFE ENTERPRISES, INC., doing business as Cathedral Homes; KEN LEE L.L.C.; JAMES KIRACOFE; JEFF LEE BUILDERS, INC.; and JEFF LEE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendants Jeff Lee Builders, Inc., and Jeff Lee (the Jeff Lee Defendants), and Ken Lee, L.L.C. (Ken Lee), request that the Court dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), all the Plaintiffs' copyright claims against them in the Plaintiffs' First Amended Complaint [ECF No. 26]. (*See* Jeff Lee Defs.' Mot. to Dismiss Pfs.'First Am. Compl., ECF No. 29; Def., Ken Lee, L.L.C.'s Am. Mot. to Dismiss Pfs.' First Am. Compl., ECF No. 32.) The claims against the other Defendants are not before the Court. Additionally, it does not appear from the First Amended Complaint that Plaintiff Plan Pros, Inc., has asserted any claims against the Jeff Lee Defendants or Ken Lee.[1] Accordingly, the issue presented by the pending motions is whether Plaintiff Design Basics, LLC, has stated a plausible claim against the Jeff Lee

---

[1] As the Defendants point out in their motions to dismiss, none of the allegations plausibly suggest that they copied the protected work of Plan Pros, Inc. However, is does not appear that Plan Pros intended to state a claim against these Defendants. The First Amended Complaint identifies one copyright that was owned by Plan Pros: Plan No. 29333—Slater. (First Am. Compl. ¶ 18.) Only one defendant, Majestic Homes, is alleged to have unlawfully copied Plan No. 29333.

Defendants or against Ken Lee.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Requirements for stating a claim under the federal pleading standards are straight forward. The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* at 1083 (quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014) ("Rule 8 is not satisfied by a skeletal complaint that contains

2

conclusion or surmise and requires a court to decide whether events not pleaded could be imagined in a plaintiff's favor."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## COMPLAINT ALLEGATIONS

Plaintiff Design Basics, LLC, is a building design firm that creates, markets, and licenses the use of architectural works and technical drawings depicting architectural works. The Plaintiff alleges that it owns copyrights in works that are registered with the United States Copyright Office (First Am. Compl. ¶ 18, ECF No. 26.) These works have been published in Design Basics and Plan Pros plan books and publications and on the internet at www.designbasics.com.

The Plaintiff alleges that the Jeff Lee Defendants and Ken Lee "received copies of [its] plan books and other publications, which included copies" of the copyrighted works. (*Id.* ¶ 26.) Additionally, the copyrighted works were "widely disseminated on the internet." (*Id.* ¶ 27.) According to the complaint allegations, the Defendants then copied the protected works and used the copies to build houses located in Lafayette and West Lafayette, Indiana. Specifically, Jeff Lee Builders built at least 24 homes in the Lafayette area "using home plans copied or otherwise derived from Design Basics Plan No. 1330." (*Id.* ¶ 29.d.) Defendant Ken Lee "built at least 7 homes in the Lafayette area using home plans copied or otherwise derived from Design Basics Plan No. 1330 and 1380, including 3740 Westmorland Drive in West Lafayette." (*Id.* ¶ 29.e.) The Plaintiffs allege that a home referred to as "Lindsey" infringes on Design Basics Plan No. 1330.

3

**ANALYSIS**

"To establish copyright infringement, [a party] must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (quoting *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The owner of a copyright may obtain a certificate of copyright, which is "prima facie evidence" of its validity. 17 U.S.C. § 410(c). Copying can be proven by direct evidence, but that is "often hard to come by." *JCW Invs.*, 482 F.3d at 915. Therefore, another commonly-used method of proof allows a plaintiff to "prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012); *JCW Invs.*, 482 F.3d at 915.

The Court is aware that many aspects of architectural plans are not copyrightable because they lack originality. For example, efficiency is an important architectural concern that courts have found to receive no protection. *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 105 (2d Cir. 2014). Thus, "[d]esign features used by all architects, because of consumer demand," are not protected." *Id.* Indeed, the plaintiff "can get no credit for putting a closet in every bedroom, a fireplace in the middle of an exterior wall, and kitchen counters against the kitchen." *Id.* at 106.

After the determination regarding protectable elements, an inference arises that the defendant copied the original elements in their product if the defendant's works are substantial similarity. *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). To determine substantial similarity, the Seventh Circuit applies the "ordinary observer test:

'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiffs' protectable expression by taking material of substance and value.'" *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994) (quoting *Atari Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982) (superseded by statute on other grounds as recognized in *Scandia Down Corp. v. Euroquilt Inc.*, 772 F.2d 1423, 1429 (7th Cir. 1985))). A defendant can rebut this inference by "showing that it independently created the allegedly infringing work." *Susan Wakeen*, 272 F.3d at 450. However, "[w]hen an original work contains many unprotected elements, . . . a close similarity between it and a copy may prove only copying, not wrongful copying." *Zalewski*, 754 F.3d at 101.

The Defendants seize upon these burdens to assert that the First Amended Complaint is deficient because the Plaintiff has not alleged any facts related to direct evidence of copying. With respect to the other method, they assert that the Plaintiff's allegations regarding access are insufficient, and that allegations regarding which of the Defendants' works are substantially similar are completely absent. The Defendants also complain that the Plaintiff has not identified the protectable elements that the Defendants purportedly copied.

Many of the Defendants' arguments would require the Court to delve into the merits of the Plaintiff's claim. This would be premature, as the pleading need not contain the evidence necessary to prove each element of its copyright claim. It need only contain enough facts to suggest the claim is plausible. The Court finds that this standard has been met. The First Amended Complaint alleges that the Defendants actually copied the protected work. The allegation that the Defendants had access to the copyrighted works through plan books is

plausible. Additionally, it is plausible that the Defendants accessed the plans online. At this stage, the Court asks "*could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010) (emphasis in original); *see also Huon v. Denton*, — F.3d —, No. 15-3049, 2016 WL 6682931, at *6 (Nov. 14. 2016) ("Discovery is the proper tool for [the plaintiff] to use to test the validity of his allegations, and if he is unable to marshal enough facts to support his claim the . . . [d]efendants can move for summary judgment.") Thus, the Plaintiff was not required, as the Defendants argue, to go beyond alleging that the Defendants received publications that contained the protected work and also explain how their plans "made it into the hands" of the Defendants. (Jeff Lee Defs.' Br. 5, ECF No. 30 (arguing that "businesses do not simply 'have access' to plan books . . . or 'receive' plan books out of thin air").)

The Court also finds it plausible that the Plaintiff's designs contain some modicum of originality that is protectable, as alleged by the Plaintiff (First Am. Compl. ¶ 21), and that the Defendant's "construction and sale of houses, and creation of associated design and construction drawings" (*id.* ¶ 32), as well as "creation and publication of non-pictorial representations" (*id.* ¶ 33), impermissibly copied those original elements. The Plaintiff has identified the particular plans that it believes were copied to build the infringing homes—Design Basics Plan No. 1330 (Jeff Lee Defendants and Ken Lee) and 1380 (Ken Lee only). The Plaintiff also identifies the "name" of one of the homes that infringes on that plan. (First Am. Compl. ¶ 30.e. (alleging that Defendants' 'Lindsey' (and any predecessors, copies or derivative of that model under the same or different) infringes the Design Basics Plan No. 1330–Trenton (and any predecessor or derivative thereof").) Whether the Plaintiff will be able to establish that its plans contain

6

sufficient originality to be protectable, and that the Defendants unlawfully copied those elements is not the appropriate question to ask at the motion to dismiss stage. The First Amended Complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability for the wrongdoing alleged. *Twombly*, 550 U.S. at 556.

## CONCLUSION

For the reasons stated above, the Court DENIES Jeff Lee Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 29], and Defendant, Ken Lee, L.L.C.'s, Amended Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 32].

SO ORDERED on December 8, 2016.

                                                    s/ Theresa L. Springmann
                                                   THERESA L. SPRINGMANN
                                                   UNITED STATES DISTRICT COURT
                                                   FORT WAYNE DIVISION